UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA KONCHINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:14-cv-1078 |
| INDIANAPOLIS METROPOLITAN | ) | |
| POLICE DEPARTMENT OFFICERS | ) | |
| JOHN DOE I and JOHN DOE II, | ) | |
| | ) | JURY TRIAL REQUESTED |
| Defendants. | ) | |

**Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.      Plaintiff Pamela Konchinsky was driving to work in downtown Indianapolis on Tuesday June 17, 2014, in her silver Toyota minivan when, as she turned into her parking garage, she saw behind her two Indianapolis Metropolitan Police Department ("IMPD") patrol cars.  The first had its lights flashing.  The patrol cars followed her into the garage. Ms. Konchinsky had not committed any driving violations, but rather she was detained and interrogated because IMPD Officers John Doe I and John Doe II objected to a bumper sticker taped in the back window of her minivan that read:  "Unmarked Police Car."  Ms. Konchinsky was directed to remain in her car, asked for her license and registration, and admonished that the bumper sticker might cause people to believe she was impersonating a police officer and could potentially result in someone with animus toward the police shooting at her.  Ms. Konchinsky was ordered to remove the bumper sticker from her vehicle.  She was finally "free to go" only after complying with all of these requests.

2. The actions of IMPD Officers John Doe I and John Doe II violate both Ms. Konchinsky's First and Fourth Amendment rights. The plaintiff seeks declaratory and injunctive relief as well as damages.

**Jurisdiction, cause of action, venue**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

**Parties**

7. Pamela Konchinsky is an adult resident of Franklin, Indiana who routinely travels to Indianapolis for work.

8. John Doe I, an anonymous name is an officer with the IMPD. His identity is not yet known, but will be identified during the discovery process.

9. John Doe II, an anonymous name is an officer with the IMPD. His identity is not yet known, but will be identified during the discovery process.

**Factual allegations**

10. On Tuesday, June 17, 2014 at approximately 5:50 p.m., Pamela Konchinsky made a right-hand turn and pulled into the Merchants Garage at 31 South Meridian Street, Indianapolis, Indiana.

11. Ms. Konchinsky parks in the Merchants Garage, for which she has an electronic gate pass, when she goes her to job at the Circle Center mall across the street.

12. Ms. Konchinsky was obeying all traffic laws as she traveled into the Merchants Garage and was not violating and had not violated any other laws.

13. As she entered the garage, Ms. Konchinsky saw an IMPD patrol car, driven by Officer Doe I, with its lights flashing entering the garage immediately behind her.

14. A second IMPD patrol car was directly behind the first car.

15. Understanding that she was being "pulled over" by two IMPD patrol cars, Ms. Konchinsky immediately parked in an available space.

16. Ms. Konchinksy started to open her driver's side door and get out of her vehicle to speak with the officers.

17. As she did so, Ms. Konchinsky heard Officer Doe II call out her name and address. She assumed that he had "called in" her license plate.

18. Officer Doe I was approaching the minivan and told Ms. Konchinsky to stay in her car, so she did.

19. Officer Doe I asked, "Is this your vehicle, ma'am?" and she answered, "Yes it is."

20. Officer Doe I asked for Ms. Konchinsky's driver's license and vehicle registration, and she gave them to him.

21. Officer Doe I told Ms. Konchinsky that he was detaining her because of a bumper sticker taped in the rear window of her minivan which read: "Unmarked Police Car."

22. Officer Doe I told Ms. Konchinsky, "Someone is going to think you're impersonating a police officer."

23.     Officer Doe I also told Ms. Konchinsky, "Someone who doesn't like police might shoot at you because of that bumper sticker."

24.     Officer Doe I then instructed Ms. Konchinsky to get out of her car and remove the bumper sticker.

25.     Ms. Konchinsky complied with Officer Doe I's instruction by opening the hatch of her minivan and removing the bumper sticker, which was secured to the rear window with tape.

26.     Ms. Konchinksy believed that she had to remove the bumper sticker because she had been ordered to do so by an IMPD officer.

27.     At this point, Officer Doe I told Ms. Konchinsky that she was "free to go," and he and Officer Doe II left Ms. Konchinsky in the Merchants Garage.

28.     Ms. Konchinsky did not believe that she was able to leave prior to this time and had a reasonable belief at all times that she was being detained by both Officers Doe I and Doe II.

29.     Ms. Konchinsky then locked her minivan and reported for work.  Because she had been detained and interrogated by the IMPD officers, she was at least ten minutes late for her job.

30.     Ms. Konchinsky lost wages for the time she was absent from her job due to her detention by Officers Doe I and Doe II.

31.     At no point did Officers Doe I and Doe II have probable cause or reasonable suspicion to detain Ms. Konchinsky.

32.     Ms. Konchinsky was intimidated by the actions of Officers Doe I and Doe II.

33.     Ms. Konchinsky believes that she has been ordered by two IMPD officers to refrain from replacing the bumper sticker on her minivan and that if she does so, she risks being detained again.

34. Ms. Konchinsky has not put the bumper sticker back on her minivan but wishes to do so as a humorous and ironic expression.

35. Defendant Officers John Doe I and John Doe II caused and will continue to cause injury to Ms. Konchinsky.

36. Ms. Konchinsky faces a real and immediate threat of irreparable harm for which there is no adequate remedy at law as a result of defendants' denial and continued denial to plaintiff of her right of freedom of expression under the First Amendment as well as by their unreasonable detention and interrogation in violation of her Fourth Amendment rights, which may occur again in the future.

37. At all times, Officers Doe I and Doe II were acting under color of state law.

**Legal claims**

38. Defendants' actions in subjecting plaintiff to detention, questioning, and intimidation as well as the direction that she remove a bumper sticker from the rear window of her minivan violated rights secured to the plaintiff by the First Amendment to the United States Constitution.

39. Defendants' actions in detaining and interrogating plaintiff without legal grounds to do so and for the purpose of intimidation and harassment over the message on a bumper sticker in the rear window of her minivan violated rights secured to the plaintiff by the Fourth Amendment to the United States Constitution.

**Jury trial demand**

40. The plaintiff demands a trial by jury on all claims so triable.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that defendants have violated federal law and the United States Constitution for the reasons noted above.

3. Enter a preliminary injunction, later to be made permanent, requiring defendants to cease and desist from further suspicionless detention, interrogation, harassment, and intimidation related to the humorous content of bumper stickers.

4. Award Pamela Konchinsky damages incurred as the result of defendants' conduct.

5. Award plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

/s/ *Kelly R. Eskew*
Kelly R. Eskew, # 22953-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
keskew@aclu-in.org


/s/ *Kenneth J. Falk*
Kenneth J. Falk, # 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org

Attorneys for Plaintiff